IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA DAWN WINTERS, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO: _____ |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| LUMA HEALTH, INC., | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Linda Dawn Winters, by and through her attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, Luma Health, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint alleges illegal retaliation and interference with Plaintiff's rights in violation of the laws and statutes of the United States of America, specifically, the Family and Medical Leave Act of 1993 (hereinafter referred to as the "FMLA").

2. Jurisdiction over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, in that this District Court for the Western District of Pennsylvania has original jurisdiction of all civil actions arising under the laws of the United States.

3. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

4. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff, Linda Dawn Winters (hereinafter referred to as "Ms. Winters" or "Plaintiff"), is an adult individual currently residing in Clearfield County, Pennsylvania.

6. Ms. Winters has been medically diagnosed with and suffer(ed) from a cyst on her pancreas, which qualifies as a serious medical condition under the FMLA.

7. Defendant, Luma Health, Inc. (hereinafter referred to as "Defendant"), is a Delaware corporation with its headquarters at 3 East 3rd Avenue, Suite 401, San Mateo, California.

8. At all times relevant to this Complaint, Defendant employed in excess of fifty (50) employees, including Ms. Winters, making Defendant an "employer" as defined under the FMLA.

## **STATEMENT OF FACTS**

9. Ms. Winters was hired by Defendant for the fully-remote position of Product Trainer in or about January of 2022.

10. During her employment with Defendant, Ms. Winters was an exemplary employee and had no major work-related issues; her work ethic and quality prompted Defendant to promote her to Product Training Manager in 2023.

11. In or about early 2023, Ms. Winters developed a cyst on her pancreas, one of the side-effects of this condition presents as a mental health problem.

12. In or about June 2023, Ms. Winters requested FMLA leave in order to treat what was believed at that time to be a mental health problem.

13. Defendant approved Ms. Winters' FMLA request and Ms. Winters went out on FMLA leave in or about June 2023.

14. While treating, Ms. Winters learned that the pancreatic cyst was the root cause of the mental health concern.

15. Ms. Winters was released to work without restrictions in or about September 2023, when she returned to work for Defendant.

16. On or about October 13, 2023, Defendant informed Ms. Winters via a Zoom meeting, that she was being terminated so that she could focus on her health.

17. Defendant's stated reason for terminating Ms. Winters shortly after her return from FMLA leave was the very reason for which she had requested FMLA leave.

18. It is illegal for an employer to retaliate against an employee who has exercised or attempted to exercise any FMLA right.

19. Defendant violated Ms. Winters' FMLA rights by terminating her upon her return from FMLA leave.

## COUNT I

### FMLA VIOLATION
*Retaliation/Discrimination*

20. All prior paragraphs are incorporated herein as if set forth fully below.

21. Plaintiff had the right under the FMLA to twelve (12) weeks of job-protected leave in a fifty-two (52) week period because of her serious medical condition and ongoing treatment to manage her condition.

22. The FMLA prohibits an employer from retaliating and/or discriminating against an employee for exercising her FMLA rights.

23. Defendant violated Plaintiff's FMLA rights by terminating her employment.

24. Defendant's reasoning for all of the above was based upon Plaintiff's use of FMLA leave.

25. Accordingly, Defendant retaliated against Plaintiff for exercising her federal rights under the FMLA.

WHEREFORE, Plaintiff, Linda Dawn Winters, prays that this Honorable Court enter judgment in his favor and against Defendant, Luma Health, Inc., and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from interfering with and/or discriminating against Plaintiff on the basis of his serious medical condition and disabilities, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of interfering with and/or discriminating or retaliating against employees based on their disabilities or serios medical conditions, and is to be ordered to promulgate an effective policy against such interference and/or discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training,

promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded interest on her monetary losses at the prevailing rate;

e. Liquidated damages under the FMLA;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage - or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

j.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated: October 24, 2024

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*